IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:16-CR-112 |
| v. | ) | |
| | ) | |
| DARREN GEORGE WRIGHT, and | ) | (VARLAN / SHIRLEY) |
| SHARI T. WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 14, 2016, for a scheduled pretrial conference and an arraignment on the Superseding Indictment [Doc. 21]. Assistant United States Attorneys Ron Coleman and Bart Slabbekorn, Jr., appeared on behalf of the Government. Assistant Federal Defender Paula R. Voss represented Defendant Wright. Attorney Scott Saidak represented Defendant Williams. Both Defendants were present for the hearing.

Following the arraignment on the Superseding Indictment, counsel for both Defendants made a joint, oral motion to continue the November 29 trial date. They stated that they needed additional time to prepare the case for trial in light of the new count in the Superseding Indictment. They also said that they had received discovery this week and that the Government stated that additional discovery is forthcoming. Defendants Wright and Williams confirmed that they understood their right to a speedy trial and agreed with the requested

continuance. The Government did not object to the oral motion. The parties agreed on a new trial date of March 7, 2017.

The Court finds the Defendants' joint, oral motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendants are charged with possession of more than fifteen counterfeit or unauthorized access devices obtained through the internet (Count One), possession of another's identification in relation to the felony alleged in Count One (Count Two), and conspiracy to commit wire fraud from October 5, 2015, to May 27, 2015 (Count Three). Count Three was added in the Superseding Indictment, and counsel received the discovery relating to this new count approximately two weeks before the November 29 trial date. Moreover, the Government states that additional discovery is forthcoming. The Court finds that counsel need time to review the discovery and to prepare and litigate pretrial motions. The Court has scheduled a motion hearing for January 12, 2017. After that hearing, the Court will need time to prepare rulings and/or reports and recommendations on the pretrial motions. 18 U.S.C. § 3161(h)(1)(H). The parties will need time to file any objections to those reports or rulings. Finally, the District Judge will need time to rule on motions. 18 U.S.C. § 3161(h)(1)(H). The Court finds that all of this cannot occur by the current trial date of November 29 or in less than three and one-half months. Additionally, once counsel review discovery and litigate pretrial motions, they will need time to complete their investigation of the case, interview witnesses, and prepare for trial. Accordingly, without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendants' joint, oral motions to continue the trial are **GRANTED**, and the trial is reset to **March 7, 2017**. The Court also finds that all the time between the November 14, 2016 hearing and the new trial date of March 7, 2017, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. <u>See</u> 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling in this case, the Court set a new motion deadline of **December 15, 2016**. Responses to motions are due on or before **January 4, 2017**. The parties are to appear before the undersigned for a pretrial conference and motion hearing on all pending pretrial motions on **January 12, 2017, at 1:30 p.m.** The deadline for concluding plea negotiations is **February 7, 2017**. This date is also the deadline for the Defendants to provide reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **February 17, 2017**. Special requests for jury instructions shall be submitted to the District Court no later than **February 24, 2017**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendants' joint, oral motions to continue the trial are **GRANTED**;

(2) The trial of this matter is reset to commence on **March 7, 2017**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the **November 14, 2016** hearing and the new trial date of **March 7, 2017**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is **December 15, 2016**. Responses to pretrial motions are due on or before **January 4, 2017**;

3

(5) The parties are to appear before the undersigned for a pretrial conference and motion hearing on all pending pretrial motions on **January 12, 2017, at 1:30 p.m.**;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is **February 7, 2017**;

(7) Motions *in limine* must be filed no later than **February 17, 2017**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the Chief District Judge by **February 24, 2017**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge